HONG HWA GIL, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 06–73530.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2008.*

Filed Sept. 24, 2008.

Albert S. Chow, Esq., Lin & Chow, Monterey Park, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Susan K. Houser, Esq., Francesca U. Tamami, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

Hong Hwa Gil, a native and citizen of China, petitions for review of a Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") decision denying her application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), and deny the petition for review.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

■ Substantial evidence supports the IJ's denial of asylum because the economic harms Gil suffered do not rise to the level of persecution. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1185–86 (9th Cir.2006). Further, the evidence does not compel the conclusion that Gil's altercation with police at the tax board office, or the police's interrogation of her for helping North Korean refugees occurred on account of a protected ground. *See Fisher v. INS,* 79 F.3d 955, 961–62 (9th Cir.1996) (en banc). Lastly, the record does not compel a finding that Gil has shown an objective basis for her fear of future persecution on account of a protected ground. *See Zehatye,* 453 F.3d at 1186–88.

■ Because Gil did not establish asylum eligibility, it necessarily follows that she did not satisfy the more stringent standard for withholding of removal. *See Zehatye,* 453 F.3d at 1190.

**PETITION FOR REVIEW DENIED.**